WILLIAM YOUNG *v.* THE STATE OF TEXAS.

1. INDICTMENT.—It is no objection to an indictment in charging an assault with intent to murder that it also charged facts constituting an aggravated assault.
2. CIRCUMSTANTIAL EVIDENCE.—See facts raising presumption sufficiently strong to warrant the jury in coming to the conclusion of the guilt of the accused.

APPEAL from Wood. Tried below before the Hon. Z. Norton.

Indictment for assault, with intent to kill and murder, and for aggravated assault.

On the trial George Williams, for the State, testified as follows: "On the 4th day of September, 1871, I was in the town of Quitman. I saw my brother, J. P. Williams, (sheriff of the county,) attempt to arrest one J. M. Brock, who was riding through town on horseback. Brock drew a pistol on the sheriff, and refused to be arrested. The sheriff then summoned Lee McMillan and myself to assist

him in making the arrest. Brock rode through town, going west to his house in the edge of town. McMillan and I went down west, and came up to Brock's house from the south side. When I got within thirty yards of the house I saw the defendant Young standing near the corner of the smoke-house, with his gun in his hand. About this time the sheriff came up to the house, a little to my right. I saw the defendant level his gun at the sheriff, and I threw my gun down on the defendant, when the sheriff ordered him not to shoot. The defendant then took down his gun, and stepped a few paces around the corner of the smoke-house, and in a few minutes (about five) a gun fired. I did not see Young at the time, but I saw the end of a gun and the smoke proceed from the gun. The smoke of the gun proceeded in the direction of the place where the sheriff stood, which was about fifty or sixty yards from the corner of the smoke-house. It was within carrying distance of the gun, which was a double-barrel shot-gun. After I heard the report of the gun, I saw the defendant run with his gun back into an old crib or stable, some thirty yards from the smoke-house."

Other witnesses testified to substantially the same facts. The defendant was convicted, and his punishment fixed at five years in the penitentiary. New trial being refused, he appealed.

*Banks & Wright*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE.—The defendant was convicted of an assault, with intent to murder.

An exception was filed to the indictment, upon the ground that it charged two offenses, to wit, an aggravated assault upon the sheriff of Wood county, in the lawful discharge of the duties of his office, and also an assault, with intent to murder said sheriff, Williams. If in charging

the higher offense the facts necessary to constitute the minor offense are set forth, it is certainly no good objection to the indictment, as done in this case. The record does not show that this exception was ruled on by the court.

The only other objection was that the verdict was contrary to the law and evidence.

There is no direct evidence that it was the defendant who shot the gun from behind the house. It was sufficient, however, to raise a very strong presumption of that fact, which was not rebutted. The jury having come to the conclusion that he did it, we cannot say, from anything exhibited in the case, that they were not warranted in finding the defendant guilty.

Judgment affirmed.

AFFIRMED.